HOLMES, Presiding Judge.
This is a case arising pursuant to the Alabama Administrative Procedure Act (APA).
The circuit court determined that the Alabama State Board of Pharmacy’s (Board) substantial delay in filing the administrative record with the circuit court, as well as the continuing delay in filing all the records of the proceeding before the Board, constituted substantial violations of the right of F. Earl Stewart to a timely review of the actions of the Board. The circuit court then remanded the cause to the Board with instructions to enter an order terminating the suspension of the license of Stewart and to grant Stewart a license to practice pharmacy in Alabama.
The Board appeals and we affirm.
In the main the Board contends that the circuit court abused its discretion in remanding the case to the Board with instructions to grant Stewart a license to practice pharmacy. We disagree.
The facts in pertinent part reveal the following:
F. Earl Stewart was a pharmacist in the State of Alabama and held a license with the Board. In February 1986 the Board charged Stewart with certain violations which resulted in an order revoking Stewart’s license to practice pharmacy in the State of Alabama. This revocation order was served on Stewart on April 18, 1986. On May 14,1986, Stewart filed his notice of appeal with the Board. On May 15, 1986, Stewart also filed a copy of this notice of appeal with the circuit court.
Stewart’s administrative appeal was scheduled for a hearing on November 14, 1986. However, Stewart requested a continuance due to a scheduling conflict. This motion was granted, and the hearing was reset for a later date. In October 1987 Stewart, with the concurrence of the Board, again moved for another continuance. The basis of the motion was that Stewart had a heavy caseload and also that *563 he was not “certain that such [administrative] record has been transmitted to the circuit court.” This motion was also granted, and the hearing was again rescheduled. For the third time, in February 1988, the hearing was again rescheduled due to both the Board and Stewart having scheduling problems.
The record further reveals that the attorney for the Board testified that he requested the Board to transmit a copy of the administrative record to the circuit court in early February 1988. This record in part was then filed in the circuit court on April 18, 1988.
On September 8, 1988, Stewart filed with the circuit court a motion to remand for further action. Stewart contended that the Board had failed to comply with the APA in that it had failed to transmit to the circuit court the original or a certified copy of the entire record and transcript of the proceedings under review within thirty days after receipt of Stewart’s notice of appeal. Ala.Code (1975), § 41-22-20(g) (1982 Repl.Vol.). On October 7, 1988, as noted above, the circuit court remanded the case to the Board with instructions to grant Stewart a license to practice pharmacy in the State of Alabama. The circuit court found that the Board’s substantial delay in filing the administrative record, as well as its failure to file all pertinent records, such as the Board’s revocation order, constituted substantial violations of Stewart’s right to a timely review of the Board’s action.
We have carefully reviewed the record, and, although it would appear that part of the delay in hearing this appeal could be attributed to Stewart himself, we cannot say that the circuit court abused its discretion in this instance in remanding the case to the Board.
Clearly, Ala.Code (1975), § 41-22-20(g) (1982 Repl.Vol.), requires the entire record and transcript of the proceeding before the Board to be filed in the circuit court within thirty days after receipt of the notice of appeal or within such additional time as the court may allow. That provision in part is as follows:
“(g) Within 30 days after receipt of the notice of appeal or within such additional time as the court may allow, the agency shall transmit to the reviewing court the original or a certified copy of the entire record and transcript of the proceedings under review.”
Here, the above procedure was not followed. In fact, the transcript and part of the record were not filed until April 18, 1988, some twenty-two (22) months after Stewart filed his notice of appeal with the Board. The remainder of the record was not even filed until November 14, 1988, one month after the circuit court had already remanded the case to the Board.
In addition to the initial failure of the Board to comply with the above statute, the Board further failed to file promptly the administrative record with the circuit court, even after notification that such had not been done. It appears from the record that in October 1987 there was some indication that the administrative record had not been filed, yet the Board still took no action. Then on February 4, 1988, the Board was directly notified that the administrative record had not been filed, yet it took until April 18, 1988, approximately seventy days later, to make any attempt to comply with the statute. However, as noted above, the Board still did not file a complete record, as certain key documents were missing. In fact, these key documents were not even filed with the circuit court until over a month after the circuit court’s final order.
We realize that the circuit court’s order may seem severe. However, we have carefully reviewed the record, and, in view of the above, we cannot say that the trial court abused its discretion. The circuit court was faced with a difficult situation where the Board simply did not follow the statutory requirements of § 41-22-20(g). The Board had ample opportunity to file the administrative record with the circuit court, but, as set out above, it never completely did so prior to the circuit court’s final order. No reason was ever given for the Board’s failure to comply, and, quite frankly, we do not know what else the *564 circuit court should have done. Not allowing any additional time to comply with the statute after two years of non-compliance does not appear to be error.
Further, as concerns the Board’s argument that Stewart failed to file a petition for review in the circuit court, we find no merit.
The record is clear that on May 15, 1986, Stewart filed a pleading with the circuit court which contained all of the substantive requirements for a petition for review set out in Ala.Code (1975), § 41-22-20(h) (1982 Repl.Vol.). The pleading contained (1) the nature of the agency action which was the subject of the petition, (2) the particular agency action appealed from, (3) the facts and law on which jurisdiction and venue were based, (4) the grounds on which relief was sought, and (5) the relief sought.
This pleading, although not properly titled, clearly met all the statutory requirements necessary for a petition for review.
This case is due to be affirmed.
AFFIRMED.
INGRAM and ROBERTSON, JJ., concur.